**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge William J. Martínez**

Criminal Action No. 13-cr-0072-WJM

UNITED STATES OF AMERICA,

     Plaintiff,

v.

**1.    SAUL CICNEROS
2.    ARTURO CASTRO, and
3.    CARLOS HEREDIA-RUIZ**,

     Defendants.

---

**AMENDED ORDER GRANTING DEFENDANT CARLOS HEREDIA-RUIZ'S
UNOPPOSED MOTION TO EXCLUDE TIME FROM SPEEDY TRIAL COMPUTATION**

---

     This matter is before the Court on Defendant Carlos Heredia-Ruiz's Unopposed
Motion to Exclude Time from Speedy Trial Computation (the "Motion").  (ECF No. 48).
The Defendant's Motion requests a 90-day ends of justice continuance of the deadlines
as set forth in the Speedy Trial Act, 18 U.S.C. §§ 3161-3174, and for a continuance of
the trial date and deadline to file motions.  For the following reasons, the Motion is
GRANTED **as to all Defendants**.

     The Speedy Trial Act is "designed to protect a defendant's constitutional right to a
speedy indictment and trial, and to serve the public interest in ensuring prompt criminal
proceedings."  *United States v. Hill*, 197 F.3d 436, 440 (10th Cir. 1999).  It requires that
a criminal defendant's trial commence within 70 days after his indictment or initial
appearance, whichever is later.  *See* 18 U.S.C. § 3161(c)(1); *United States v. Lugo*, 170
F.3d 996, 1001 (10th Cir. 1999).  Certain periods of delay are excluded and do not

count toward the 70-day limit. *See* 18 U.S.C. § 3161(h)(1)-(9). Specifically, "the Act

excludes any period of delay 'resulting from a continuance granted by any judge . . . on

the basis of its findings that the ends of justice served by taking such action outweigh

the best interest of the public and the defendant in a speedy trial.'" *Hill*, 197 F.3d at

440-441 (quoting 18 U.S.C. § 3161(h)(7)(A)).

The Speedy Trial Act provides, in pertinent part:

The following periods of delay shall be excluded . . . in computing the time
within which the trial of any such offense must commence:

. . . .

(7)(A) Any period of delay resulting from a continuance granted by any
judge . . . at the request of the defendant or his counsel or at the request
of the attorney for the Government, if the judge granted such continuance
on the basis of his findings that the ends of justice served by taking such
action outweigh the best interest of the public and the defendant in a
speedy trial.

18 U.S.C. § 3161(h)(7)(A).

In order for a continuance to qualify as an excludable "ends of justice"

continuance under § 3161(h)(7)(A), certain prerequisites must be satisfied. *Hill*, 197

F.3d at 441. First, the Court must consider the following factors listed in

§ 3161(h)(7)(B):

(i) Whether the failure to grant such a continuance in the proceeding
would be likely to make a continuation of such proceeding impossible, or
result in a miscarriage of justice;

(ii) Whether the case is so unusual or so complex, due to the number of
defendants, the nature of the prosecution, or the existence of novel
questions of fact or law, that it is unreasonable to expect adequate
preparation for pretrial proceedings or for the trial itself within the time
limits established by [the Act];

(iii) Whether, in a case in which arrest precedes indictment, delay in the

filing of the indictment is caused because the arrest occurs at a time such that it is unreasonable to expect return and filing of the indictment within the period specified in section 3161(b), or because the facts upon which the grand jury must base its determination are unusual or complex;

(iv) Whether the failure to grant such a continuance in a case which, taken as a whole, is not so unusual or so complex as to fall within clause (ii), would deny the defendant reasonable time to obtain counsel, would unreasonably deny the defendant or the Government continuity of counsel, or would deny counsel for the defendant or the attorney for the Government the reasonable time necessary for effective preparation, taking into account the exercise of due diligence.

18 U.S.C. § 3161(h)(7)(B)(i) - (iv).

After considering these factors, the Court must then set forth, "in the record of the case, either orally or in writing, its reasons for finding that the ends of justice served by the granting of such continuance outweigh the best interests of the public and the defendant in a speedy trial." *Hill*, 197 F.3d at 441; § 3161(h)(7)(A). Although the Court's findings "may be entered on the record after the fact, they may not be made after the fact." *Hill*, 197 F.3d at 441 (quoting *United States v. Doran*, 882 F.2d 1511, 1516 (10th Cir.1989)). "Instead, '[t]he balancing must occur contemporaneously with the granting of the continuance because Congress intended that the decision to grant an ends-of-justice continuance be prospective, not retroactive[.]'" *Id.* (quoting *Doran*, 882 F.2d at 1516). The Court has discharged these duties.

The Defendant's Motion is unopposed, and therefore, the averments of fact in the Motion have been confessed by the Government. Thus, those foundational and predicate facts are deemed established, and the Court need not reiterate them here. The Defendant's Motion describes the various factors that he believes necessitate the exclusion of an additional 90 days in this case, and the Court adopts and incorporates

those facts herein.

This case involves among others allegations of conspiracy to possess with intent to distribute 500 Grams or more of Methamphetamine. Counsel for the Defendant has been working diligently to become familiar with Defendant's case, including reviewing discovery material some of which remains in the possession of the Government. Defendant is a native Spanish speaker and thus communication between Defendant and his counsel require the use of an interpreter. According to Defendant's counsel additional time is also needed to review evidence and determine the existence of potential witnesses. In order to adequately prepare this case for trial, the Court finds that **100 days** should be excluded from the Speedy Trial Act for these purposes.

The Court relied on the professional experience and judgment of counsel in fashioning a reasonable pretrial scheduling order. Additionally, the Court is sensitive to and mindful of the teachings of relevant case law, including the principles and holdings in *Bloate v. United States*, 559 U.S. 196 (2010)*; United States v. Larson*,627 F.3d 1198, (10th Cir. 2010); *United States v. Toombs*, 574 F.3d 1262 (10th Cir. 2009); and *United States v. Williams*, 511 F.3d 1044 (10th Cir. 2007).

Based on the relevant record considered as a whole, the Court finds that it would be unreasonable to expect adequate preparation by Defendant, despite due diligence, for pretrial or trial proceedings within the time initially allowed under 18 U.S.C. § 3161(c). The Court has considered the factors which it must under 18 U.S.C. § 3161(h)(7)(B) (i)-(iv). As required by 18 U.S.C. § 3161(h)(7)(C), the Court has not predicated its ruling on congestion of the Court's calendar or lack of diligent preparation by counsel.

Accordingly, the Court FINDS that:

(1)     Failure to grant a continuance of trial beyond the time prescribed by 18
        U.S.C. § 3161(c) would likely result in a miscarriage of justice, within the
        meaning of 18 U.S.C. § 3161(h)(7)(B)(i); and

(2)     Even considering due diligence, failure to grant the motion would deny
        counsel for Defendant the reasonable time necessary for effective pretrial
        and trial preparation within the meaning of 18 U.S.C. § 3161(h)(7)(B)(iv);

(3)     An additional **100 days** should be excluded from the computation of the
        speedy trial time; and

(4)     Therefore, the ends of justice served by granting the motion outweighs the
        best interests of the public and Defendant in a speedy trial within the
        meaning of 18 U.S.C. § 3161(h)(7)(A).

THEREFORE, IT IS HEREBY ORDERED that:

(1)     Defendant Carlos Heredia-Ruiz's Unopposed Motion to Exclude Time From
        Speedy Trial Computation (ECF No. 48) is GRANTED;

(2)     All days between today and July 19, 2013 shall be excluded from the
        Speedy Trial Clock;

(3)     The 4-day Jury Trial set to commence on April 29, 2013 and the Final Trial
        Preparation Conference set for April 17, 2013 at 3:00 p.m. are hereby
        VACATED **as to all Defendants**.  The Court will enter a separate Order
        setting the Trial date and related deadlines.

Dated this 10th day of April 2013.

BY THE COURT:

William J. Martínez
United States District Judge